```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

YUSUF STROUD,                  )
                               )
          Plaintiff,           )
                               )
     v.                        )     No. 4:07CV359 SNL
                               )
ST. LOUIS CITY POLICE          )
DEPARTMENT, et al.,            )
                               )
          Defendants.          )
```

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Yusuf Stroud (registration no. 40110), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.50. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of applicant's account indicates an average monthly deposit of $22.50, and an average monthly balance of $13.42.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $4.50, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 328

(1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. Named as defendants are the St. Louis City Police Department, Daniel Earley (St. Louis City Police Officer), Ralph Campbell (same), Matthias Hanewinkel (same), and Michael Scego (same). Plaintiff seeks monetary relief.

Plaintiff alleges that on May 14, 2006, defendants Earley and Scego battered him and that Earley struck plaintiff on the back of his head with a gun. Plaintiff further alleges that he had to be treated at the hospital as a result of the beating.

Plaintiff claims that he was later interrogated by defendants Campbell and Hanewinkel. Plaintiff further claims that Campbell

and Hanewinkel beat and tortured him during the interrogation. According to plaintiff, defendants later falsified their police reports to indicate that plaintiff fell and hit his head.

Plaintiff alleges that he now suffers from headaches and memory loss as a result of the injuries defendants inflicted upon him.

## Discussion

The allegations in the complaint survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. However, the St. Louis City Police Department is not a proper defendant because, as a division of a municipality, it is not a "person" under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992). The City of St. Louis is the proper defendant, and the Court will order the Clerk to substitute the City of St. Louis for the St. Louis City Police Department as a defendant in this case. Additionally, the Court will order defendants to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1)

his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order without good cause shown, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall substitute the City of St. Louis for St. Louis City Police Department as a defendant in this case.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this ___8th___ day of March, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE