UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

YUSUF TAREEK STROUD, )
)
    Plaintiff, )
)
  vs. ) Case No. 4:07CV359SNLJ
)
ST. LOUIS POLICE DEPARTMENT, )
ET. AL., )
)
    Defendants. )

# MEMORANDUM

    Plaintiff has filed this multicount §1983 and state-law action alleging that defendant police officers (Daniel Early and Matthias Hanewinkle) used excessive force when arresting plaintiff, as well as when interrogating him. Plaintiff's claims[1] are as follows: Count I - §1983 Excessive Force/Fourth Amendment violation (defendants Earley and Hanewinkle); Count II - §1983 Municipal Liability (defendants St. Louis City Board of Police Commissioners and individual Board members Chris Gooden, Julius Hunter, Todd Epstein, Vincent Bommarito, Francis Slay, and Paul Nocchiero); Count III - §1983 *Respondeat Superior* (defendants St. Louis City Board of Police Commissioners and individual Board members Gooden, Hunter, Epstein, Bommarito, Slay, and Nocchiero); and Count IV - State Law Assault and Battery (defendants Earley, Hanewinkle, and St. Louis City Board of Police Commissioners). This matter is before the Court on the defendants' motion for summary judgment [102], filed April 14, 2011. Responsive pleadings have now all been filed and this matter is ripe for disposition. This cause of action is presently set for trial on the Court's trial docket of September 28, 2011.

    The appropriate standard for consideration of all motions for summary judgment, including summary judgment motions filed in employment discrimination cases is as follows:

> "Summary judgment is proper if the pleadings, the discovery and
> disclosure materials on file, and any affidavits show that there is
> no genuine issue as to any material fact and that the movant is
> entitled to judgment as a matter of law. The movant bears the

---

[1] Pursuant to his Second Amended Complaint [53], filed October 16, 2008.

> initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."

Torgerson v. City of Rochester, 643 F.3d. 1081, 1085 (8th Cir. June 1, 2011)( internal citations and quotations omitted); *see also*, Jackson v. United Parcel Service, Inc., 643 F.3d. 1031, 1042 (8th Cir. 2011)(*citing* Torgerson, *supra.*).

Before addressing the instant motion, the Court notes that in his response, plaintiff Stroud informs the Court that he has abandoned his claim(s) of municipal liability against defendant Board of Police Commissioners. *See*, Document [112], pgs. 6 and 21.[2]

Upon review of the court record in this case, as well as the record of the criminal trial and conviction of the plaintiff giving rise to this instant action[3], the submitted exhibits, and relevant caselaw, the Court will grant summary judgment to the defendants on Count I, Count III, Count IV as to defendant St. Louis City Board of Police Commissioners (hereinafter referred to as simply "Board"); and will decline to exercise supplemental jurisdiction over plaintiff's state law claims of assault and battery as to defendants Earley and Hanewinkle.

Plaintiff contends that in effectuating his arrest the evening of May 14, 2005, defendant Earley struck plaintiff twice in the head with the officer's gun causing severe injuries. Plaintiff contends that defendant Earley used excessive force because plaintiff did not have a gun when

---

[2]Although plaintiff does not specifically state he is abandoning his municipal liability claim against the individual Board members, he fails to present any argument in support of Count II whatsoever in his responsive pleadings. Thus, the Court will presume he has abandon his Count II claim(s) as to the individual Board members also.

[3]United States of America v. Yusuf Tareek Stroud, Case No. 4:08CR712RWS.

2

defendant Earley repeatedly struck him. Plaintiff further contends that during his interrogation following his arrest on weapons possession and murder charges, defendant Hanewinkle used excessive force in order to get plaintiff to sign a "Miranda waiver". Plaintiff contends that defendant Hanewinkle slammed his head onto the table when plaintiff refused to sign the "Miranda waiver".

Plaintiff was federally indicted for "felon in possession of a firearm" on or about December 11, 2008.[4] Plaintiff was represented by counsel at the time of his arraignment[5] and participated in all of plaintiff's criminal pretrial proceedings. On behalf of plaintiff, counsel filed motions to suppress questioning the events leading up to the plaintiff's arrest, as well the circumstances surrounding plaintiff's waiver of his Miranda rights, and incriminating statements to the police officers.[6]

On January 27, 2010 United States Magistrate Judge Frederick R. Buckles, after holding an evidentiary hearing, issued his Report and Recommendation on all pretrial motions, including but not limited to plaintiff's motion to suppress [19] and motion to dismiss indictment[41]. After hearing the testimony of defendants Earley and Hanewinkle, as well as plaintiff Stroud, Magistrate Judge Buckles made his very thorough findings of fact regarding the arrest and interrogation of plaintiff on May 14-15, 2005. *See*, **Report and Recommendation of United States Magistrate Judge** [51], Case No. 4:08CR712RWS. Magistrate Judge Buckles ultimately recommended the denial of both the plaintiff's motion to suppress and motion to dismiss. This Report and Recommendation was later reviewed by United State District Judge Rodney W. Sippel and adopted by Judge Sippel. *See*, Court Order [55], Case No. 4:08CR712RWS. In his order

---

[4]Plaintiff was indicted by the United States Attorney's Office following the plaintiff's acquittal in state court on charges of Murder in the First Degree and Armed Criminal Action. Document [109], Exhibit 4.

[5]Plaintiff's criminal defense counsel is the same counsel representing plaintiff in the instant civil action.

[6]The Court takes judicial notice of the docket sheet for United States of America v. Stroud, Case No. 4:08CR712RWS and all documents filed in said case.

adopting Magistrate Judge Buckles' Report and Recommendation, the Court notes that "no objections to the recommended rulings were filed."

Following a jury trial, plaintiff was convicted of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §922(o). Plaintiff, as well as defendants Earley and Hanewinkle, testified at plaintiff's federal criminal trial. *See,* Document [114], Case No. 4:08CR712RWS. On or about October 21, 2010 plaintiff was sentenced to 120 months incarceration with the United States Bureau of Prisons, 3 years of supervised release upon his release, and a special assessment of $100.00. *See*, Court Document[146]. Plaintiff has filed his direct appeal of his conviction and sentence which is currently pending before the Eighth Circuit Court of Appeals. *See*, Document [154].

The Court takes judicial notice of the findings of fact entered by United States Magistrate Judge Buckles, with affirmance thereon by Judge Sippel, as to the arrest and interrogation of the plaintiff on May 14-15, 2005; the events giving rise to the instant civil lawsuit. Furthermore, the Court finds that the defendants' statement of undisputed material facts mirrors those facts as found by Judges Buckles and Sippel. Finally, the Court takes judicial notice of the jury's conviction of plaintiff on the charge of "felon in possession of a weapon" following the plaintiff's testimony, defendants Earley's and Hanewinkle's testimony, and admission of the subject "Miranda waiver". *See*, Documents {114 and 115], Case No. 4:08CR712RWS.

In Heck v. Humphrey**,** 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of a plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of his sentence, a plaintiff cannot pursue a §1983 action to recover damages unless the plaintiff can show that his conviction or sentence had been reversed, expunged, or called into question by the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. at 486-87; Lenoir v. Marcee, 2011 WL 1298762, *2 (E.D.Mo. April 5, 2011); *see also*, Edwards v. Balisok, 520 U.S. 641, 648 (1997)(applying Heck to a §1983 action for declaratory relief). Courts have differed as to whether Heck would bar a §1983 suit alleging the use of excessive force by the police base upon consideration of such factors as whether the plaintiff was charged or convicted of a crime and that crime's relationship to the plaintiff's allegations. *See*, Brian R. Means,

4

**Federal Habeas Manual 2011**, pgs 139-160 (2011 Thomson Reuters)(cases cited). However, if the §1983 lawsuit makes specific allegations inconsistent with the facts upon which the criminal conviction was based, Heck will bar the §1983 lawsuit for excessive force. *See*, DeLeon v. City of Corpus Christi, 488 F.3d. 649, 656-57 (5th Cir. 2007); Beverly v. Talsma, 2008 WL 2114886, *3-*5 (S.D.Ind. March 28, 2008); *but see*, Garrison v. Porch, 376 Fed.Appx. 274 (3rd Cir. 2010)(plaintiff's guilty plea to simple assault not Heck barred since issue existed whether force used was reasonable to overcome plaintiff's admitted resistance); McCann v. Neilsen, 466 F.3d. 619 (7th Cir. 2006)(plaintiff's §1983 excessive force claim not Heck barred because plaintiff's ambiguous complaint was not necessarily undermining his conviction).

In the present lawsuit, plaintiff clearly and unequivocally alleges that he was never in possession of a gun when defendant Earley struck him. Plaintiff's Second Amended Complaint [53], pg. 4, ¶28. The firearm plaintiff was convicted of possessing at the time of his arrest is the firearm identified in the May 14, 2005 incident at issue in this case (and the prior criminal case). Plaintiff's alleged possession of a gun at the time of his arrest was a primary issue addressed by the Magistrate Judge in his findings of fact. He specifically found that plaintiff was in possession of a gun when he encountered defendant Earley, and that upon pointing said gun at defendant Earley, defendant Earley struck him. Document [51], Case No. 4:08CR712RWS. Judge Sippel adopted this factual finding and denied plaintiff's motion to suppress and motion to dismiss indictment. Furthermore, in order to convict plaintiff of "felon in possession of a gun", the jury had to find that not only that plaintiff had a prior felony conviction, but that on May 14, 2005 he was in possession of a firearm. Documents [2 and 116], Case No. 4:08CR712RWS.

A resolution of plaintiff's §1983 claim against defendant Earley in the plaintiff's favor would "necessarily imply the invalidity" of his conviction for "felon in possession of a firearm". Plaintiff's undeniable assertion that he did not possess a firearm at the time of his arrest; i.e. that he did not possess a gun and did not pose a threat to the safety of defendant Earley or others completely undermines the factual findings of two federal judges, as well as the federal jury that convicted him for possessing said gun. Since plaintiff has not pled that his conviction has been

5

reversed, expunged or called into question, his §1983 excessive force claim against defendant Earley is barred under Heck v. Humphrey, *supra*.

Plaintiff Stroud's §1983 excessive force claim against defendant Hanewinkle is also barred by Heck. Plaintiff claims that while being interrogated by defendant Hanewinkle, Hanewinkle slammed his head onto a table because plaintiff would not sign the "Miranda waiver". Defendant Hanewinkle testified before Magistrate Judge Buckles and at trial that plaintiff had been fully advised of his Miranda[7] prior to any questioning. He further testified that plaintiff understood his rights, and although he didn't ask for an attorney, he didn't want to sign the waiver until defendant guaranteed him that any sentence he was given would be served in a federal penitentiary.[8] He was told no such guarantees could be made but that his request would be passed onto the prosecutor. Plaintiff then began offering his version of events. At some point he requested to call his father who was residing out-of-state. He was allowed to make the phone call. Then he was allowed to sleep for a short while after which he was awoken and advised again of his Miranda rights. Again, plaintiff (without asking for an attorney) began to tell a different version of the events of May 14, 2005 but would not provide details unless he was assured that any sentence he received would be served in a federal facility. Plaintiff then signed the "Miranda waiver" writing "I will provide details of Murder(s) when I get my deal in writting **[sic]**".

Magistrate Judge Buckles found that plaintiff's "Miranda waiver" was voluntary.

> "At no time during the interview did Stroud ask to speak with an attorney or state that he would not answer questions before speaking with an attorney. During the interviews by the officers the defendant was alert and coherent. His answers were appropriately responsive to the questions asked of him. His speech was not slurred. He did not appear to the officers to be in pain, nor did he complain to them of being in pain."

United States Magistrate Judge's Report and Recommendation [51], pgs. 7-8, Case No. 4:08CR712RWS. Furthermore, when addressing the plaintiff's claims that the statements he made during his interrogation were not voluntary because they were the result of threats,

---

[7]Miranda v. Arizona, 384 U.S. 436 (1966).

[8]Plaintiff had prior convictions and had served time in a federal prison and evidently preferred the accommodation at the federal prison over state prisons.

coercion, duress, **force**, intimidation, threats and promises by the interrogating officers, Magistrate Judge Buckles found:

> "There is no credible evidence before the court that the officers engaged in any coercive behavior such as would overbear the defendant's will. No threats or promises were made to the defendant by the officers."

United States Magistrate Judge's Report and Recommendation [51], pg.17, Case No. 4:08CR712RWS. Magistrate Judge Buckles considered the fact that during his interrogation, plaintiff was allowed to call his father out-of-state, was allowed to sleep for a short while, never asked for an attorney, was coherent and appropriately answered the officers' questions, his speech was not slurred, he did not complain of pain, and upon signing the "Miranda waiver" wrote about the sentencing deal he was hoping to receive. Based upon the totality of the circumstances, his "Miranda waiver" and statements were found to be voluntary. Plaintiff did not file any objections to the Magistrate Judge's Report and Recommendation.

Furthermore, United States District Judge Sippel upon review of the Magistrate Judge's Report and Recommendation, adopted same. Court Order [55], Case No. 4:08CR712RWS. Finally, at trial, Judge Sippel allowed into evidence the subject "Miranda waiver" for the jury's consideration.

Allowing the plaintiff to proceed with his §1983 claim of excessive force against defendant Hanewinkle would "necessarily imply the invalidity of his conviction" because it would seriously question the propriety of the interrogation techniques used in connection with plaintiff's signing of his "Miranda waiver" and making incriminating statements to the officers that were then used at his trial.

Plaintiff's appeal of his conviction and sentencing for "felon in possession of a firearm" is currently pending on appeal. Until such time his conviction is reversed, expunged, or called into question by the appellate court, his §1983 claims are Heck barred.

In Count III of his second amended complaint, plaintiff attempts to make a claim against the defendant Board and the individual Board members/defendants for the alleged actions of defendants Earley and Hanewinkle based on the doctrine of *respondeat superior*. A Section 1983

7

action against police supervisory officers cannot be based upon the theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Moreover, "[A] section 1983 action will not lie against police supervisory officers for failure to prevent police misconduct, absent a showing of direct responsibility for the improper action." Harris v. Pirch, 677 F.2d. 681m 685 (8th Cir. 1982) *citing* Rizzo v. Goode, 423 U.S. 362 (1975); Kostka v. Hogg, 560 F.2d. 37 (1st Cir. 1977); *see also*, Wilson v. City of North Little Rock, 801 F.2d. 316, 322 (8th Cir. 1986). "Liability may only be found if there is personal involvement of the officer being sued." Wilson v. City of Little Rock, at 322 *quoting* Watson v. Interstate Fire & Casualty Co., 611 F.2d. 120, 123 (5th Cir. 1980). "What is required is a causal connection between the misconduct complained of and the official sued." Harris v. Pirch, at 685. To meet this burden the plaintiff must establish an "affirmative link" between the defendant's action and the alleged deprivation of constitutional rights. *See*, Rizzo, 423 U.S. at 377. Plaintiff has failed to meet this burden, thus he fails to state a viable §1983 claim against the defendant Board and the individual Board members/defendants.

Finally, plaintiff brings state law claims of assault and battery against defendants Earley and Hanewinkle based upon the same set of facts giving rise to his §1983 claims; and a state law claim against the defendant Board only under the doctrine of *respondeat superior.* It is within the Court's discretion to exercise supplemental jurisdiction after dismissal of the federal claim(s). Glorvigen v. Cirrus Design Corp., 581 F.3d. 737, 749 (8th Cir. 2009); Quinn, III. v. Ocwen Federal Bank FSB, 470 F.3d. 1240, 1249 (8th Cir. 2006); 28 U.S.C §1367(c)(3). ""[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Barstad v. Murray County, 420 F.3d. 880, 888 (8th Cir. 2005) quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); see, Quinn, III., at 1249 (in deciding to decline to exercise supplemental jurisdiction, a court should consider such factors as judicial economy, convenience, fairness, and comity). Balancing the factors of judicial economy, convenience, fairness, and comity, this Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims

as contained in Count IV of his second amended complaint. This Court believes that plaintiff's remaining claims for assault and battery; as well as application of respondeat superior to his state-law claims, are better suited for a Missouri court to adjudicate. The Court will dismiss plaintiff's claims, as contained in Count IV, without prejudice.

In conclusion, the Court find no material issues of fact in dispute, and that as a matter of law, plaintiff's §1983 claims against defendants Earley and Hanewinkle, as contained in Count I of plaintiff's second amended complaint, to be barred under Heck v. Humphrey, *supra.* The Court further finds that plaintiff's §1983 claim against the Board and the individual Board members/defendants, as contained in Count III of the plaintiff's second amended complaint, fails to state a viable claim as these defendants cannot be held liable under the doctrine of *respondeat superior.* Finally, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims of assault and battery, as well as holding the defendant Board liable under said claims pursuant to the doctrine of *respondeat superior*, and will dismiss without prejudice Count IV of the plaintiff's second amended complaint.[9]

Dated this __31st__ day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[9] As plaintiff has voluntarily dismissed his municipal liability claims as contained in Count II of his second amended complaint, the Court also grants summary judgment as to these claims.